_ FILED _ LODGED
_ RECEIVED _ COPY

SEP 14 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

ADDISON SANTOME
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00743-PHX-SPL(MTM) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 924(a)(1)(A) (False Statement During Purchase of a Firearm) Counts 1 – 22 |
| Michael Anthony Trevino, | |
| Defendant. | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNTS 1 - 22

On or about the dates listed below, in the District of Arizona, Defendant MICHAEL ANTHONY TREVINO knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant MICHAEL ANTHONY TREVINO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record in each of the counts below, stating that he resided at an address in Tucson, Arizona, whereas in truth and fact, Defendant MICHAEL ANTHONY TREVINO knew that he

resided at a different address:

| Count | Date | Business |
|---|---|---|
| 1 | 5/9/2020 | Mr. Pawn, Bullhead City, Arizona |
| 2 | 5/24/2020 | Mr. Pawn, Bullhead City, Arizona |
| 3 | 6/7/2020 | Mr. Pawn, Bullhead City, Arizona (Two Firearm Purchase) |
| 4 | 6/7/2020 | Mr. Pawn, Bullhead City, Arizona (One Firearm Purchase) |
| 5 | 6/27/2020 | Mr. Pawn, Bullhead City, Arizona |
| 6 | 7/16/2020 | Mr. Pawn, Bullhead City, Arizona |
| 7 | 7/21/2020 | Mr. Pawn, Lake Havasu City, Arizona |
| 8 | 8/5/2020 | Mr. Pawn, Bullhead City, Arizona |
| 9 | 8/5/2020 | High Desert Heat, Fort Mohave, Arizona |
| 10 | 8/16/2020 | Mr. Pawn, Bullhead City, Arizona |
| 11 | 8/17/2020 | Pawnstarz, Lake Havasu City, Arizona |
| 12 | 8/20/2020 | Mr. Pawn, Bullhead City, Arizona |
| 13 | 8/23/2020 | Pawnstarz, Lake Havasu City, Arizona |
| 14 | 8/23/2020 | Havasu Guns, Lake Havasu City, Arizona |
| 15 | 8/31/2020 | Mr. Pawn, Bullhead City, Arizona |
| 16 | 8/31/2020 | Mr. Pawn, Lake Havasu City, Arizona |
| 17 | 8/31/2020 | Pawnstarz, Lake Havasu City, Arizona |
| 18 | 9/9/2020 | Mr. Pawn, Bullhead City, Arizona |
| 19 | 10/15/2020 | Mr. Pawn, Bullhead City, Arizona |
| 20 | 10/22/2020 | Mr. Pawn, Bullhead City, Arizona |
| 21 | 12/11/2020 | Mr. Pawn, Bullhead City, Arizona |
| 22 | 12/27/2020 | Mr. Pawn, Bullhead City, Arizona |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Counts 1 through 22 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-22 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or

- 2 -

indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants is liable.  If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date:  September 14, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

s/
ADDISON SANTOME
Assistant U.S. Attorney

- 3 -